UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 13-cr-40118-JPG-004 |
| RICKY LEE ROBERTS, II, | |
| Defendant. | |

# MEMORANDUM AND ORDER

This matter comes before the Court on defendant Ricky Lee Roberts II's *pro se* motion for a sentence reduction for "extraordinary and compelling reasons" pursuant to the First Step Act of 2018, Pub. L. No. 115-391, § 603(b)(1), 132 Stat. 5194, 5239 (2018) (codified at 18 U.S.C. § 3582(c)(1)(A)) (Doc. 254). The Government has responded (Doc. 258). Roberts has not replied, although he was given an opportunity to do so.

The First Step Act expanded the sentence reduction provisions[1] of § 3582(c)(1)(A) by opening the door for a defendant to move for a reduction rather than only allowing the Director of the Bureau of Prisons ("BOP") to so move. First Step Act, § 603(b)(1) (codified at 18 U.S.C. § 3582(c)(1)(A)); *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020). The relevant portion of the law provides that a defendant may request that the Court reduce a defendant's term of imprisonment if, considering the factors set forth in 18 U.S.C. § 3553(a), there are extraordinary and compelling reasons for a reduction and if the reduction is consistent with the Sentencing Commission's policy statements, including that the defendant not be "a danger to the

---

[1] The reduction provisions are often referred to as "compassionate release" because historically the grounds for reduction have included the defendant's health and/or age as "extraordinary and compelling reasons" for immediate release. Release was called "compassionate" because it was viewed as showing sympathy for an ailing or aged defendant.

safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

Roberts asks the Court for compassionate release on the grounds that his son has epilepsy and suffers from seizures, and it is a hardship on Roberts's younger son, who cares for his brother. At the time of his motion, he had been released to a half-way house and was successful in finding employment and in complying with his supervision restrictions.

It appears Roberts is no longer in need of early release from his term of imprisonment because he was released from BOP custody as of May 15, 2025. *See* BOP, Find an inmate, https://www.bop.gov/inmateloc/ (visited June 12, 2025). Therefore, the Court can grant him no relief under 18 U.S.C. § 3582(c)(1)(A). Accordingly, it **DENIES** his motion **as moot** (Doc. 254).

**IT IS SO ORDERED.**
**DATED:  June 12, 2025**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**